1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10    KENNETH MAURICE SUTTON,

11                      Plaintiff,

12           v.

13    DANIEL W. WHITE, *et al.*,

14                                Defendants.

CASE NO. 3:21-cv-05209-JCC-JRC

ORDER TO SHOW CAUSE OR
AMEND COMPLAINT

15

16           This matter is before the Court on referral from the District Court and on plaintiff's

17    proposed complaint under 42 U.S.C. § 1983.

18           Plaintiff's proposed complaint is subject to screening by the Court under 28 U.S.C. §

19    1915A, which requires dismissal of a complaint that is frivolous, malicious, or fails to state a

20    claim upon which relief can be granted.  Plaintiff's proposed complaint fails to state a claim

21    upon which relief can be granted.  However, the Court will grant plaintiff an opportunity to

22    amend his proposed complaint to correct the deficiencies set forth herein.  If plaintiff chooses to

23    amend his proposed complaint, he must file his amended proposed complaint on the Court's

24

1    form, on or before **May 7, 2021**.  Failure to do so or to comply with this Order will result in the

2    undersigned recommending dismissal of this matter without prejudice.

3         The Court further notes that plaintiff has filed a motion to proceed *in forma pauperis* in

4    this matter.  Should plaintiff's motion be granted, he will nevertheless be required to make

5    partial payments toward the $350 filing fee.  Because at present, it does not appear that plaintiff

6    has presented this Court with a viable claim for relief, the Court declines to rule on his *in forma*

7    *pauperis* motion at this time.  Instead, the Clerk shall renote the *in forma pauperis* motion for the

8    Court's consideration on May 7, 2021.  Thus, if plaintiff chooses not to proceed with this case,

9    then he will not be required to make partial payments toward the $350 filing fee, which is what

10   he would be required to pay if the Court granted plaintiff's request for *in forma pauperis* status at

11   this time.

12                                          **BACKGROUND**

13        Plaintiff, who proceeds *pro se* and is incarcerated at Stafford Creek Corrections Center,

14   seeks to bring suit against Daniel White (the Washington State Correctional Center ("WCC")

15   superintendent), Danielle Anderson (the Assistant Secretary and Deputy Director of the WCC),

16   and various WCC staff—Boby Green, Les Ariza, B. Blowers, "Whisman," "Donnelly," and

17   "Miller."  Dkt. 1-1, at 1–2.

18        Plaintiff raises claims under the First, Fifth, Eighth, and Fourteenth Amendments and

19   Religious Land Use Institutionalized Persons Act (RLUIPA), based on defendants Miller and

20   Donnelly allegedly denying plaintiff's Ramadan dinner on the evening of June 2, 2019.  Dkt. 1-

21   1, at 2–3.  Plaintiff also alleges that defendants Miller and Donnelly lied about plaintiff taking a

22   regular meal that evening.  Dkt. 1-1, at 2–3.  He claims that this prevented him from practicing

23   his religion and was part of "a pattern and practice of discrimination and deprivation that had

24

1  been an impingement on the inherent tenets relative to his position as a Muslim member of the

2  Islamic faith." Dkt. 1-1, at 3.  He seeks declaratory and injunctive relief and damages.  Dkt. 1-1,

3  at 4.

## DISCUSSION

### I. Legal Principles

6     A complaint must contain "a short and plain statement of the claim showing that the

7  pleader is entitled to relief," "in order to 'give the defendant fair notice of what the . . . claim is

8  and the grounds upon which it rests[.]'" Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550

9  U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Although "detailed

10  factual allegations" are not necessary, "[f]actual allegations must be enough to raise a right to

11  relief above the speculative level[.]" *Id.*  "[A] complaint must contain sufficient factual matter,

12  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

13  U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  A court must accept as true all factual

14  allegations—but not legal conclusions—when reviewing whether a complaint survives a motion

15  to dismiss under Rule 12(b)(6).  *See Iqbal*, 556 U.S. at 678.

16     When a plaintiff is proceeding *pro se*, this Court must "'construe the pleadings liberally

17  and . . . afford the [plaintiff] the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th

18  Cir. 2010) (internal citation omitted).  The claims will be dismissed only where it "'appears

19  beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

20  entitle him to relief.'" *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal citation

21  omitted).

22     To bring a cause of action under 42 U.S.C. § 1983, plaintiff must allege (1) a violation of

23  rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by

24

conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

## II.  Personal Participation

With respect to his claims for damages, plaintiff makes no allegations of how defendants other than Miller and Donnelly personally participated in the alleged actions forming the basis for plaintiff's lawsuit.

A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  Relevant to claims against supervising defendants, moreover, plaintiff should be aware that he cannot rely on supervisory liability, alone, as the basis for his cause of action.

> Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability [that is, supervisory liability] under [§] 1983.

*Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).

Plaintiff must explain how each defendant personally participated in the alleged constitutional and statutory deprivations at issue, or his damages claims against defendants other than Miller and Donnelly are subject to dismissal.  *But see Padilla v. Nev. Dep't of Corr.*, 510 Fed. App'x 629, 630 (9th Cir. 2013) ("We are unaware of any case that requires a prisoner's claim for *injunctive relief* to allege the personal participation of the defendants or to 'link' each specific defendant with an alleged constitutional violation." (Emphasis added.)).

1      ### III.  First Amendment and RLUIPA Claims

2              Plaintiff appears to seek to bring claims under the First Amendment's Free Exercise

3      clause and RLUIPA.  Section 3 of the RLUIPA provides that "[no] [state or local] government

4      shall impose a substantial burden on the religious exercise of a person residing in or confined to

5      an institution," unless the government shows that the burden furthers "a compelling

6      governmental interest" and does so by "the least restrictive means."  42 U.S.C.A. § 2000cc-1(a).

7              In order to establish a claim under either the Free Exercise Clause or RLUIPA, plaintiff

8      must show that the defendants "substantially burdened" the practice of his religion.  *Shakur v.*

9      *Schriro*, 514 F.3d 878, 883–84 (9th Cir. 2008) (Free Exercise claim requires proof of a

10     substantial burden); 42 U.S.C. § 2000cc–1(a) (RLUIPA requires proof of "substantial burden").

11     It is well-settled law in the Ninth Circuit that intrusions that are "relatively short-term and

12     sporadic" do not constitute a substantial burden of an inmate's free exercise of his religion.

13     *Canell v. Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998); *see also Howard v. Skolnik*, Case No.

14     09-15382, 2010 WL 1253458 at *1 (9th Cir. March 30, 2010) (unpublished memorandum

15     disposition) (affirming summary judgment on "First Amendment claim concerning two alleged

16     incidents where prison personnel interfered with prisoner's fasting because there was no genuine

17     issue as to whether a substantial burden was placed on [prisoner's] free exercise of religion");

18     *Smith v. Cruzen*, No. 14-CV-04791 LHK (PR), 2017 WL 4865565, at *4 (N.D. Cal. Oct. 26,

19     2017), *aff'd*, 735 F. App'x 434 (9th Cir. 2018) (granting summary judgment because one missed

20     prayer did not amount to substantial burden on plaintiff's right to free exercise of religion).

21             Under this settled law, plaintiff's allegation of one missed meal is inadequate to state a

22     claim for violation of the First Amendment's Free Exercise clause or the RLUIPA.  Moreover,

23     although plaintiff alleges a pattern or practice of such denials, his bare conclusion that there is

24

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
- 5

1  such a pattern or practice is not sufficient to state a claim in this respect, either.  *See Iqbal*, 556

2  U.S. at 678.  Plaintiff's First Amendment and RLUIPA claims are subject to dismissal on

3  screening because they fail to state a claim upon which relief can be granted.

4  **IV.  Eighth Amendment Claims**

5       Plaintiff next appears to seek to bring a claim under the Eighth Amendment on the basis

6  that deprivation of his meal amounted to cruel and unusual punishment.

7       Prison conditions do not violate the Eighth Amendment unless they amount to

8  "unquestioned and serious deprivations of basic human needs" or denial of the "minimal

9  civilized measure of life's necessities."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson*

10  *v. Seiter*, 501 U.S. 294, 298–300 (1991).  "After incarceration, only the unnecessary and wanton

11  infliction of pain . . . constitutes cruel and unusual punishment."  *Whitley v. Albers*, 475 U.S.

12  312, 319 (1986) (internal citations and quotations omitted).

13       A prison official violates the Eighth Amendment when two conditions are met: (1) the

14  deprivation alleged must be sufficiently serious; and (2) the prison official must have a

15  sufficiently culpable state of mind.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The first

16  condition requires a plaintiff to allege facts sufficient to show that the prison official's acts or

17  omissions deprived plaintiff of the "minimal civilized measure of life's necessities."  *Rhodes*,

18  452 U.S. at 347.

19       The Ninth Circuit has found that the "repeated and unjustified failure" to provide inmates

20  adequate sustenance "amounts to a serious deprivation" in violation of the Eighth Amendment.

21  *See, e.g.*, *Foster v. Runnels*, 554 F.3d 807, 813 n. 2 (9th Cir. 2009) (denying sixteen meals over

22  twenty three days violates the Eighth Amendment); *but see Wilson v. Pima County Jail*, 256 F.

23

24

App'x. 949, 950 (9th Cir. 2007) (inmate did not suffer a serious deprivation when officer took away his lunch).

Plaintiff claims that he was denied one meal.  This was not a "repeated and unjustified failure" to provide plaintiff with adequate sustenance.  Plaintiff did not suffer a serious deprivation of adequate food sufficient to form the basis of an Eighth Amendment violation. *Accord Smith v. Wash. Dep't of Corr.*, No. C11-5731 BHS-JRC, 2013 WL 1499084, at *6 (W.D. Wash. Mar. 6, 2013) ("[Plaintiff] has not demonstrated that the reduction in food for one meal was 'sufficiently serious' to violate the Eighth Amendment."), *report and recommendation adopted*, No. C11-5731 BHS, 2013 WL 1499064 (Apr. 11, 2013).

Therefore, plaintiff's claimed deprivation of one meal is inadequate to state a claim under the Eighth Amendment.

## V.  Remaining Claims

Plaintiff does not explain his theory of a Fifth or Fourteenth Amendment violation. Although the Court will liberally construe a *pro se* pleading, the Court will not supply essential elements of the claim that were not initially pled. *See Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (citing *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (per curiam)).  Therefore, the Court finds that plaintiff has not stated a claim under the Fifth or Fourteenth Amendments, either.

## VI.  Conclusion and Directions to Clerk and Plaintiff

Due to the deficiencies described above, unless plaintiff shows cause or amends the proposed complaint, the Court will recommend dismissal of the complaint without prejudice.  If plaintiff intends to pursue a § 1983 civil rights action, plaintiff must file a signed and dated amended complaint and within the amended complaint, plaintiff must write a short, plain

1  statement telling the Court: (1) each constitutional right or statute that plaintiff believes was

2  violated; (2) the name or names of the person or persons who violated the right; (3) exactly what

3  each individual or entity did or failed to do; (4) how the action or inaction of each individual or

4  entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury

5  plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–

6  72, 377 (1976).

7        If plaintiff still wishes to pursue a § 1983 claim, then plaintiff shall present the amended

8  complaint on the form provided by the Court.  The amended complaint must be legibly written or

9  typed in its entirety, it should be an original and not a copy, it should contain the same case

10 number, and it may not incorporate any part of the original complaint by reference.  The

11 amended complaint will act as a complete substitute for the original complaint and not as a

12 supplement.  An amended complaint supersedes all previous complaints. *Forsyth v. Humana,*

13 *Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa*

14 *County,* 693 F.3d 896 (9th Cir. 2012).  Therefore, the amended complaint must be complete in

15 itself, and all facts and causes of action alleged in the original complaint that are not alleged in

16 the amended complaint are waived. *Forsyth,* 114 F.3d at 1474.  The Court will screen the

17 amended complaint to determine whether it contains factual allegations linking each defendant to

18 the alleged violations of plaintiff's rights.

19       If plaintiff fails to file an amended complaint or fails to adequately address the issues

20 raised herein on or before **May 7, 2021**, the undersigned will recommend dismissal of this action

21 without prejudice pursuant to 28 U.S.C. § 1915A.

22

23

24

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
- 8

1        The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

2   civil rights complaint and a copy of this Order.  And the Clerk's Office shall renote the motion to

3   proceed *in forma pauperis* (Dkt. 4) for May 7, 2021.

4        Dated this 5th day of April, 2021.

J. Richard Creatura
Chief United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
- 9