UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH MAURICE SUTTON,

               Plaintiff,

   v.

DANIEL W. WHITE, *et al.*,

               Defendants.

CASE NO. 3:21-cv-05209-JCC-JRC

REPORT AND RECOMMENDATION

NOTED FOR: June 11, 2021

     This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(A)–(B) and Local Magistrate Judge Rules 1, 3, and 4.

     In March 2021, plaintiff brought suit in this matter, filing an application to proceed *in forma pauperis* ("IFP") that did not use the correct form and a proposed complaint. *See* Dkt. 1. Plaintiff subsequently corrected his IFP motion. Dkt. 4.

     The undersigned neither granted or denied the IFP motion, instead deferring ruling on or making a recommendation on the motion until plaintiff filed an amended proposed complaint. *See* Dkt. 5. The undersigned entered a show cause order explaining that plaintiff's proposed

REPORT AND RECOMMENDATION - 1

complaint was subject to dismissal because it made no allegations of how most defendants personally participated in the alleged actions; because plaintiff's First Amendment, Eighth Amendment, and Religious Land Use Institutionalized Persons Act claims failed to state a claim, as alleged; and because plaintiff had not explained his theory of Fifth or Fourteenth Amendment violations. Dkt. 5. Plaintiff was given an opportunity to show cause or amend his proposed complaint on or before May 7, 2021, and the undersigned explained that failure to do so would result in dismissal of this matter without prejudice. Dkt. 5, at 1–2. In addition, the undersigned explained that if the Court granted plaintiff's IFP motion, he would still be required to pay the $350 filing fee, in installments. *See* Dkt. 5, at 1–2.

In response to the show cause order, plaintiff has written a letter to the Court stating that he wishes to voluntarily withdraw his complaint without prejudice "due to the lack of access to our legal library under covid restrictions" and due to his religious practice. *See* Dkt. 6, at 1.

Federal Rule of Civil Procedure 41 sets forth circumstances under which an action may be dismissed. Under Rule 41(a)(1)(A)(i), an action may be dismissed by the plaintiff without order of court "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs[.]"

None of the defendants have been served in this matter. The Court should therefore grant plaintiff's request and dismiss this matter without prejudice, including denying any pending motions.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 11, 2021,** as noted in the caption.

Dated this 24th day of May, 2021.

J. Richard Creatura
Chief United States Magistrate Judge